IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JENNIFER SMERUD,

Plaintiff,

v.

AKT SERVICES LLP, an Oregon Limited Liability Company; ALDRICH CPAS + ADVISORS LLP, an Oregon Limited Liability Company; JOHN LAUSENG, an individual; SCOTT DANIELS, an individual; LUCAS ZETTLE, an individual; MELISSA BERNDT, and individual; and DOES 3 THROUGH 20, inclusive,

Defendants.

No. 3:24-02034-HZ

OPINION & ORDER

John C. Rake
Emma Singer
Larkins Vacura Kayser LLP
121 S.W. Morrison Street, Suite 700
Portland, Oregon 97204

Marisa Janine-Page
Joseph M. Radochonski
Caldarelli Hejmanowski Page & Leer LLP
3398 Carmel Mountain Road, Suite 250
San Diego, California 92121

Attorneys for Plaintiff

R. Kyle Busse
Joseph M. Levy
Markowitz Herbold PC
1455 S.W. Broadway, Suite 1900
Portland, OR 97201

Attorneys for Defendants

HERNÁNDEZ, Senior Judge:

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Jurisdictional Allegations Per 28 U.S.C. § 1653, ECF 34, and Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(1), ECF 42. For the reasons that follow, the Court denies Plaintiff's Motion, grants Defendants' Motion, and dismisses this matter for lack of jurisdiction.

**BACKGROUND**

The following facts are taken from the Second Amended Complaint ("SAC") and the parties' filings related to Defendants' Motion to Dismiss and Plaintiff's Motion for Leave to Amend.

In November 2011 Plaintiff Jennifer Smerud was hired in California as a Certified Public Accountant ("CPA") by Defendant AKT Services LLP. At all relevant times Plaintiff worked in AKT Services LLP's office in Carlsbad, California in the healthcare area. In January 2016 Plaintiff was promoted to "income partner." SAC ¶ 28. Plaintiff alleges that in 2017 AKT Services LLP "changed its name" to "Aldrich CPAs." *Id.* ¶ 29. Defendants state in their Disclosure statement that AKT Services LLP is the "parent partnership of Aldrich CPAs + Advisors LLP" (together "the Aldrich entities"). Defs. Disclosure Statement, ECF 28, ¶ 1. AKT Services LLP is an Oregon LLP whose partners are citizens of California, Colorado, Oregon, Utah, and Washington. *Id.* ¶ 3. Aldrich CPAs + Advisors LLP is an Oregon LLP whose partners are citizens of Oregon, California, Colorado, and Washington. *Id.*

In March 2017 Plaintiff developed a business plan ("AIM") to "service her health care [*sic*] niche CPA practice small business clients." SAC ¶ 31. In October 2018 "then CEO Martin Moll and now CEO Defendant Lauseng directed Plaintiff to leave [AIM] and return to working as a tax partner in the healthcare niche only." *Id*. Plaintiff alleges she was "passed over for deserved promotions . . . from 2017 to 2019" and "repeatedly denied promotion to Equity Partner, . . . while male counterparts were promoted to equity partner." *Id.* ¶ 34. In 2019, however, Lauseng became CEO of AKT Services LLP and Plaintiff was promoted to "healthcare niche leader of Aldrich CPAs." *Id.* ¶ 32.

On January 1, 2020, "AKT Services [LLP] reinstated its agreement of limited liability partnership" and Plaintiff "was informed that . . . all partners would now be equity" partners. *Id.* ¶ 35. As part of this transition Plaintiff and other partners signed a "Restated AKT Services LLP Agreement of Limited Liability Partnership" ("the Agreement"). *Id.* ¶ 36. Section 11.2 of the Agreement defines "Partnership" to mean "AKT Services LLP and/or the entities in which AKT Services LLP directly or indirectly holds an equity interest." *Id.* ¶ 43. Section 7.5.1 of the Agreement provides that a partner "may withdraw from the Partnership . . . no earlier than two years after the Partner delivers written notice to the Board of Partners of that Partner's withdrawal" or "at any time upon mutual agreement between the withdrawing Partner, the Board and CEO" or "at any time if Partners holding 75% of the Per Capita Votes approve of the withdrawal." SAC, Ex. 1 ¶ 7.5.1. Section 8.2 of the Agreement "prohibits a partner from dissociating or attempting to dissociate from the Partnership" "except as otherwise required or permitted by [the] Agreement." *Id.* ¶ 42 & Ex. 1 ¶ 8.2.

In October 2024 Plaintiff sent an email to Lauseng and Defendant Scott Daniels, Chairman of the Board of Partners of AKT Services LLP, stating:

> I am feeling the cumulative effects of my time at Aldrich, including the decisions of leadership and the direction of the firm. While we don't need to revisit all the past events, evaluating my future as a 46 year-old woman, it is clear that I am unwelcome. I am hoping our next steps can be amicable and mutually beneficial.

*Id.* ¶ 66. After receiving this email "Defendants" locked Plaintiff out of the computer system, the email system, and the office; cancelled Plaintiff's company credit card; and instructed employees not to communicate with Plaintiff. *Id.* ¶ 67. On November 6, 2024, "Defendants announced to [Plaintiff's team] and clients that [she] had resigned" effective October 31, 2024. *Id.* ¶ 69. "At the same time . . ., Defendants were sending messages to [Plaintiff] that they had not terminated her and she needed to return to work." *Id.* ¶ 70.

On November 12, 2024, Plaintiff returned to work, but "Defendants" took her "old computer and [gave] her a new one that allowed them to monitor her every move[;] . . . delay[ed] her remote access to client files"; "set up [Plaintiff's] computer in a manner that enable[ed]" Plaintiff's "subordinate, Kathy Hahn," to "monitor all emails sent or received by" Plaintiff; and "aggressively pursued a campaign to merge [the] healthcare niche with" the "A&E niche." *Id.* ¶ 72.

On December 6, 2024, Plaintiff filed a Complaint in this Court against AKT Services LLP, Aldrich CPAs + Advisors LLP ("Aldrich CPAs"), John Lauseng, Scott Daniels, and Does 1 through 20, asserting claims for declaratory relief against AKT Services LLP and Does 1 through 20; breach of contract against all defendants; breach of fiduciary duty against Lauseng, Daniels, and Does 1 through 20; employee misclassification in violation of California state law against all defendants; gender discrimination in violation of California state law against Aldrich CPAs and Does 1 through 20; violation of the California Equal Pay Act against Aldrich CPAs; and wrongful termination against Aldrich CPAs. Plaintiff alleged she is a California resident, "is

nominally a partner in Defendant AKT Services LLP," and "is . . . an employee of Aldrich CPAs." Compl., ECF 1, ¶ 10. Plaintiff further alleged AKT Services LLP is "organized as a limited liability partnership under the laws of the state of Oregon and headquartered in . . . Oregon"; Aldrich CPAs is a "limited liability partnership under the laws of the state of Oregon, headquartered in . . . Oregon with two offices in San Diego County, California"; and Lauseng and Daniels are residents of Oregon. Compl. ¶¶ 11-15. Plaintiff alleged she is "unaware of the true names and capacities of the" Doe defendants, but "each of the Doe defendants was responsible in some manner for the acts, omissions, and occurrences alleged in this Complaint and [Plaintiff's] damages were proximately caused by these acts, omissions and occurrences." *Id*. ¶ 16. Plaintiff alleged this Court has diversity jurisdiction based on the above allegations. The matter was assigned to United States District Court Judge Amy Baggio.

On January 23, 2025, pursuant to provisions of the Agreement Plaintiff made a written request for a meeting "with the Board of Partners to have a . . . discussion and enter into an . . . agreement for [Plaintiff's] earl[y] withdrawal from AKT Services" LLP, among other things. *Id.* ¶ 76.

On January 27, 2025, this matter was reassigned to United States District Judge Mustafa Kasubhai.

On February 4, 2025, Plaintiff met with the Board and at the conclusion of that meeting Defendant Melissa Berndt, Chief People Officer and General Counsel for the Aldrich entities, stated that the Board would respond to Plaintiff's request, but the Board had not done so by March 6, 2025. SAC ¶ 76.

On February 10, 2025, Plaintiff filed a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). Plaintiff brought claims for declaratory relief against AKT

Services LLP and Does 1 through 20; breach of contract against all defendants; breach of fiduciary duty against Lauseng, Daniels, and Does 1 through 20; violations of California labor code against all defendants; gender discrimination in violation of California state law against Aldrich CPAs and Does 1 through 20; violation of the California Equal Pay Act against Aldrich CPAs; and wrongful termination against Aldrich CPAs. Plaintiff made the same allegations regarding Defendants' citizenship and the involvement of Doe defendants and again asserted this Court has diversity jurisdiction.

On February 19, 2025, the parties filed a Stipulation and Proposed Order granting Plaintiff leave to file a second amended complaint. On February 24, 2025, Judge Kasubhai granted the Motion pursuant to Federal Rules of Civil Procedure 15(a)(2) and granted Plaintiff leave to file a second amended complaint.

On February 23, 2025, Plaintiff made a "written request to all AKT Services [LLP] 'per Capita Vote' eligible partners, requesting [they] vote to approve her request to withdraw as a partner from AKT Services [LLP] effective February 26, 2025." SAC ¶ 81. Berndt opened the document, but did not vote and "no other partner even opened" the document. *Id*. On February 27, 2025, Plaintiff "withdrew from AKT Services [LLP] effective that same day." *Id.*

On March 7, 2025, pursuant to the parties' Stipulation, Plaintiff filed a SAC identifying Doe 1 as Lucan Zettle and Doe 2 as Berndt. Does 3 through 20 remain unidentified. Plaintiff brings claims for declaratory relief against all defendants; breach of contract against all defendants; breach of fiduciary duty against Lauseng, Daniels, Zettle, Berndt, and Does 1 through 20;[1] violations of California labor code against all defendants; gender discrimination in

[1] Plaintiff states in the heading of this claim that it is brought against Does 1 through 20, but because Zettle and Berndt are Does 1 and 2, it appears this claim should be against Does 3 through 20.

violation of California state law against Aldrich CPAs and Does 1 through 20[2]; violation of the California Equal Pay Act against Aldrich CPAs; wrongful termination against Aldrich CPAs; violation of Oregon Revised Statute § 67.150 against all defendants; and violation of California unfair competition law against all defendants. Plaintiff makes the same citizenship allegations and adds allegations that Zettle and Berndt are Oregon residents. SAC, ECF 21, ¶¶ 15-16. Plaintiff again asserts this Court has diversity jurisdiction.

On March 19, 2025, this matter was reassigned to this judge.

On March 21, 2025, Defendants filed a Corporate Disclosure Statement setting out the citizenship of partners in the Aldrich entities.

On March 27, 2025, the Aldrich entities filed a complaint against Smerud in Clackamas County Circuit Court asserting claims for breach of contract, breach of fiduciary duty, trade secret misappropriation, and intentional interference with economic relations. That matter is ongoing.

On April 10, 2025, Plaintiff filed a Motion for Leave to Amend Jurisdictional Allegations Per 28 U.S.C. § 1653 in this matter. On April 24, 2025, Defendants filed a Motion to Dismiss Pursuant to FRCP 12(b)(1) in this matter.

This Court took the parties' Motions under advisement on May 22, 2025.

**STANDARDS**

"Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute." *Sandpiper Village Condo. Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 841 (9th Cir. 2005)(internal quotation omitted). Subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C.

[2] *Ibid.*

§ 1332, or federal question jurisdiction, 28 U.S.C. § 1331. *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

For subject matter jurisdiction to be based on diversity jurisdiction, the action must be between citizens of different states with an amount in controversy of at least $75,000. 28 U.S.C. § 1332. The party asserting diversity jurisdiction bears the burden of proof on that issue, therefore, the plaintiff must affirmatively demonstrate the citizenship of all parties because there must be complete diversity of citizenship between the parties opposed in interest. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).

**DISCUSSION**

Plaintiff moves to file a third amended complaint to substitute a claim for violation of the Federal Equal Pay Act for her claim for violation of the California Equal Pay Act. Defendants oppose Plaintiff's request on the grounds that this Court lacks subject-matter jurisdiction and, therefore, does not have the authority to grant Plaintiff leave to amend her SAC. Defendants move to dismiss this action on the basis that this Court lacks subject-matter jurisdiction.

**I. Jurisdiction**

Defendants assert this Court has lacked diversity jurisdiction from the outset because Plaintiff is a citizen of California and both of the Aldrich entities have partners who are citizens of California. Defendants also assert Plaintiff was aware when she filed her initial Complaint that the Aldrich entities have partners who are California residents. *See* Davidson Decl., ECF 39, ¶ 2 (testifying he is domiciled in California, has been a partner with the Aldrich entities in their Carlsbad office since 2016, and that Plaintiff was a partner in the Carlsbad office with him);

Berndt Decl. ECF 38, ¶ 2 (testifying that the Aldrich entities have ten partners domiciled in California, and four partners work in the Carlsbad office where Plaintiff worked). Plaintiff concedes in her Declaration in Support of Reply that "from 2017 to February 2025, [she] was a partner of AKT Services LLP." Smerud Decl., ECF 46, ¶ 3. Plaintiff asserts, however, that she was unaware of the partnership structure of the Aldrich entities until Defendants filed their disclosure statement and, therefore, she did not know that there was no diversity.

28 U.S.C. § 1332 "requires complete diversity of citizenship." *Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014). For purposes of this analysis, "[p]artnerships are citizens of each state or foreign country of which any partner is a citizen." *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1064 n.10 (9th Cir. 2019). *See also* *Moore v. United States*, 602 U.S. 572, 616 (2024)("For purposes of federal diversity jurisdiction, partnerships are citizens wherever their partners are."); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (quotation omitted)("diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members"). Thus, when "a partnership is a party, the citizenship of each partner is considered for diversity purposes, and none of the partners can be a citizen of the same state as any opposing party." *Goldberg v. NVR Mortg.*, 21 F.3d 1113 (9th Cir. 1994). The record reflects that Plaintiff is a resident of California and at least some of the partners of both of the Aldrich entities are also California residents. Plaintiff, therefore, has not established this Court had diversity jurisdiction at the time this matter was filed or that it exists now. Plaintiff's alleged lack of knowledge of the citizenship of the Aldrich entities' partners until Defendants filed their disclosure statement is irrelevant because "[t]he defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it

appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

In addition to the issue of the lack of diversity between Plaintiff and the Aldrich entities the Court also notes that Plaintiff brought this action in the first instance against Does 1 through 20 and alleged in her initial Complaint and in each subsequent complaint that "each of the Doe defendants was responsible in some manner for the acts, omissions, and occurrences alleged in this Complaint and [Plaintiff's] damages were proximately caused by these acts, omissions and occurrences." As early as 1980 the Ninth Circuit held that the inclusion of Doe defendants destroys diversity in the context of an action filed in federal court pursuant to 28 U.S.C. § 1332(a). *See Garter - Bare Co. v. Munsingwear, Inc*., 650 F.2d 975, 981 (9th Cir. 1980)(the Ninth Circuit concluded that the district court had properly dismissed a claim asserted against a named defendant and "several Doe defendants (none of whom has been identified or served)" because the inclusion of the Doe defendants destroyed diversity). In 1989 Congress amended 28 U.S.C. § 1441(b) to provide that for removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." Pub. L. No. 100-702, 102 Stat. 4642. With that amendment, "Congress obviously reached the conclusion that [D]oe defendants should not defeat diversity jurisdiction" for cases being removed to federal court. *Bryant v. Ford Motor Co*., 886 F.2d 1526, 1528 (9th Cir. 1989). Congress, however, has not amended § 1332(a) to include a similar exception for cases filed in federal court in the first instance. "Congress could have amended the jurisdictional statutes to provide original jurisdiction over actions involving Doe defendants, but it chose not to," therefore, district courts in the Ninth Circuit have largely held that "the statutory amendment to § 1441 directing courts to disregard Doe defendants in the context of removal does not imply a similar directive for courts to disregard Doe defendants

when evaluating original diversity jurisdiction under § 1332" and *Garter-Bare* remains good law. *See, e.g.*, *Lemons v. Am. Ass'n of Neurological Surgeons, Inc.*, No. 2:24-CV-01118-DAD-CKD, 2025 WL 1294377, at *4 (E.D. Cal. May 5, 2025); *Bellevue Medical, LLC v. Total Wound Care of Oklahoma, LLC*, No. 2:24-CV-02149-LK, 2025 WL 1654645, at *1 (W.D. Wash. June 10, 2025); *Patrick Kippes v. John Does 1-25*, No. 25-CV-03616-SVK, 2025 WL 1647161, at *2 (N.D. Cal. May 28, 2025); *Wong v. Colvin*, No. 3:13-CV-2209-ST, 2014 WL 4230079, at *3 (D. Or. June 10, 2014), report and recommendation adopted as modified, No. 3:13-CV-02209-ST, 2014 WL 4230033 (D. Or. Aug. 25, 2014)(citation omitted)("[T]he inclusion of Doe defendants destroys the complete diversity requirement in the Ninth Circuit. The rationale being that complete diversity cannot exist if the identity and citizenship of some defendants, *i.e.* the 'Does', are unknown.").

The Court, therefore, concludes that it does not have subject-matter jurisdiction.

## II. Amendment

Plaintiff seeks to file a third amended complaint to substitute a claim for violation of the Federal Equal Pay Act for her claim for violation of California's Equal Pay Act pursuant to 28 U.S.C. § 1653. According to Plaintiff, with this amendment the operative complaint would contain a federal claim and, therefore, eliminate the issues with diversity jurisdiction arising from the citizenship of the members the Aldrich entities. Defendants assert that § 1653 does not provide the Court with the authority to permit this type of amendment.

28 U.S.C. § 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Defendants assert, however, that the text of § 1653 "and the caselaw interpreting it show that the statute does not permit [the] kind of amendment" that Plaintiff seeks here. For example, *In re DePuy Orthopedics, Inc. ASR Hip Implant Prods. Liab.*

*Litig.*, 953 F.3d 890 (6th Cir. 2020), the plaintiffs sought "to create jurisdiction by amending their complaints to add a new federal claim." *Id.* at 895. The court noted that § 1653's "plain text allows parties to amend a complaint's 'defective allegations of jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1653). "For example, a plaintiff whose complaint relied on diversity jurisdiction may correct the complaint's accidental failure to list the state in which a corporate defendant has its principal place of business." *Id.* (quotation omitted). The court concluded, however, that although § 1653 "permits changes to insufficient allegations of *jurisdiction* - [it] does not also cover a plaintiff's attempt to amend substantive allegations on the *merits*." *Id.* (emphasis in original). Accordingly, the court found that § 1653 did not "encompass the plaintiffs' motion . . . [that] seeks to create jurisdiction, not to confirm it." *Id.* The court explained that precedent also supports its reading of § 1653. For example, the Supreme Court has held that § 1653 does not "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). In addition, several circuit courts, including the Ninth Circuit, have held that parties may not "'substitute new causes of action' to allege federal question jurisdiction where other grounds for jurisdiction have been defeated." *Com. Union Ins. Co. v. United States*, 999 F.2d 581, 585 (D.C. Cir. 1993) (quoting *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985)). *See also Saxon Fibers, LLC v. Wood*, 118 F. App'x 750, 752 (4th Cir. 2005); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998); *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971)(§1653 empowers the courts to correct "defects of form, not substance"). In *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376 (9th Cir. 1988), the court explained that § 1653 "provides a remedy for defective allegations only; it does not provide a remedy for defective jurisdiction itself. . . . [T]he defect in

the present case is one of substance - the case does not arise under federal law. The district court, therefore, had no power to grant the [plaintiff] leave to amend its complaint." *Id.* at 1380 - 81 & n.3 (9th Cir. 1988)(citing *Boelens*, 759 F.2d at 512). In *Boelens*, the plaintiffs sought to create federal-question jurisdiction by amending their complaint to reassert claims under the Magnuson-Moss Warranty Act that they had previously dropped. 759 F.2d at 512. The court denied their request, reasoning that "the plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction." *Id.* The same logic bars Plaintiff's use of § 1653 in this case.

In support of her Motion for Leave to Amend Plaintiff cites cases involving removal amendments as a matter of right under Rule 15(a)(1). *See, e.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005)(court reviewed the plaintiff's complaint amended as of right, without deciding whether there was jurisdiction under original complaint). Plaintiff here, however, amended her initial Complaint as a matter of right in February 2025 and did not remedy the jurisdictional issues noted herein or allege a federal claim. Plaintiff amended her FAC pursuant to a stipulation by the parties in March 2025 as permitted under Rule 15(a)(2) and did not remedy the jurisdictional issues. In neither instance did the Court evaluate jurisdiction or engage in any analysis regarding its independent authority to permit Plaintiff to amend her complaints. At this point Plaintiff requires leave of the Court to file a third amended complaint and the Court must evaluate its authority to grant such a motion. Because this Court does not have jurisdiction, the Court lacks the authority to grant Plaintiff leave to amend.

Plaintiff also relies on the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) and the First Circuit's decision in *ConnectU LLC v.*

*Zuckerberg*, 522 F.3d 82 (1st Cir. 2008), which the Supreme Court cited in *Royal Canin*, to support her assertion that this Court may grant her leave to amend her SAC to substitute a federal claim. Neither case addresses nor resolves the issue here: When the Court lacks diversity jurisdiction over an action filed in federal court under § 1332 does it have authority to permit amendment of a SAC to add a federal claim to cure the lack of subject-matter jurisdiction? In *Royal Canin* the plaintiffs brought an action in Missouri state court asserting federal and state law claims arising out of the same facts. *Id.* at 25. The defendants removed the matter to federal court on the basis of federal-question jurisdiction. In response, the plaintiffs amended their complaint as a matter of right, "delete[d] its every mention of the" federal claim, and moved to remand. *Id.* at 29. The district court denied the request to remand, the Eighth Circuit reversed, and the Supreme Court accepted certiorari to resolve a spilt in the circuits regarding whether "a post-removal amendment [can] divest a federal court of jurisdiction." *Id.* at 30. The Court concluded that "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims." *Id.* at 25. Because there was no question that the federal court had jurisdiction at the time of removal and the plaintiffs amended their complaint after removal as a matter of right, the Supreme Court did not address the district court's authority to permit the plaintiffs to amend their complaint under § 1653 or any other statute. *Royal Canin* does not, therefore, suggest that this Court has the authority under § 1653 to permit Plaintiff to amend her SAC to substitute a federal claim when this Court lacks jurisdiction.

Similarly although the *Royal Canin* court cited *ConnectU* for the general proposition that "[a]dding federal claims can create federal jurisdiction where it once was wanting," *id.* at 36-37, courts in this district have interpreted *ConnectU* to hold that a plaintiff can save jurisdiction only

by amending her complaint as a matter of right under Rule 15(a)(1). *See, e.g.*, *Wong*, 2014 WL 4230079, at *4. As the court explained in *Wong*, "when a federal claim is added to a compliant that is amended as a matter of right under Rule 15(a)(1), the amended complaint does not 'resurrect jurisdiction that already had been found wanting,' but supersedes and replaces the original complaint in its entirety 'as of right.'" *Id.* at *4 (quoting *ConnectU*, 522 F.3d at 95). When "'the Civil Rules operate mechanically, and the judge's authority over the case is not brought to bear, . . . the absence of federal subject matter jurisdiction in the original complaint will pose no obstacle to the consideration of an amended complaint.'" *Id.* at *4 (quoting *ConnectU*, 522 F.3d at 96). In *Wong*, unlike in *ConnectU*, "plaintiffs [were] not amending the[ir] [complaint] 'as a matter of course' under FRCP 15(a) without judicial intervention. Instead, they [were] seeking permission to amend and add a federal claim in order to obtain federal question jurisdiction where diversity jurisdiction was already found wanting." *Id.* "'These are salient differences. . . . When confronted with such a motion [for leave to file an amended complaint], there is a strong argument that a court ordinarily should consider any threshold jurisdictional concerns raised by the parties before ruling on the motion.'" *Id.* at *4 (quoting *ConnectU*, 522 F.3d at 96)(citations omitted). Under those circumstances the court found the first amended complaint was the operative complaint, it did not allege any claim arising under federal law, and the court lacked jurisdiction to permit the plaintiffs to file a second amended complaint to add a federal claim. *Id.* at *5.

Neither *Royal Canin* nor *ConnectU* address this Court's authority under § 1653 to permit Plaintiff to file a third amended complaint to add a new federal claim, nor do they indicate this Court has the authority to do so here. The Court, therefore, concludes it lacks jurisdiction and

§ 1653 does not provide it with the authority to permit Plaintiff to amend her SAC to allege a new federal claim.

**III. Dismissing Defendants**

Plaintiff asserts in her Motion for Leave to File Amended Complaint that pursuant to Federal Rule of Civil Procedure 21 the Court may drop the Aldrich entities without prejudice for the purpose of deciding Plaintiff's Motion for Leave to Amend, then re-add them. Defendants assert Rule 21 does not apply here because the Aldrich entities are indispensable parties. Plaintiff does not respond to Defendants' assertion that the Aldrich entities are indispensable parties and does not address any of the relevant factors.

Rule 21 provides in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." "[I]t it is well settled that Rule 21 invests district courts with authority to allow a *dispensable* nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)(emphasis added). *See also Yee v. Select Portfolio, Inc*., No. 18-CV-02704-LHK, 2018 WL 2938877, at *4 (N.D. Cal. June 12, 2018)(citing *Kirkland v. Legion Ins. Co*., 343 F.3d 1135, 1142 (9th Cir. 2003)("The Court has the discretionary authority under Federal Rule of Civil Procedure 21 to drop a party to perfect its diversity jurisdiction if the nondiverse party is not indispensable to the action under Rule 19."). Even so, "[d]ismissal of dispensable nondiverse parties should be exercised sparingly after careful consideration of whether such a dismissal will prejudice any of the parties in the litigation." *Nam Soon Jeon v. Island Colony Partners*, 892 F. Supp. 2d 1234, 1240 (D. Haw. 2012)(citing *Newman–Green*, 490 U.S. at 837–38). "Thus, a person may be dropped pursuant to Rule 21 if (1) the person 'was a dispensable party under Rule 19,' and (2)

'dropping him would not be prejudicial.'" *E.H. v. Issaquah Sch. Dist.*, No. C23-1743JLR, 2024 WL 3950350, at *2 (W.D. Wash. Aug. 27, 2024)(citation omitted).

When determining whether a party is indispensable under Rule 19(b) the court should consider:

> "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> (A) protective provisions in the judgment;
>
> (B) shaping the relief; or
>
> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

*E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1077 (9th Cir. 2010)(quoting Fed. R. Civ. P. 19(b)). These factors show that the Aldrich entities are indispensable parties. For example, Plaintiff's claims for declaratory relief seek to invalidate the Aldrich Partnership Agreement in part or in whole. The Aldrich entities would be prejudiced by a decision invalidating the Partnership Agreement in their absence. Similarly Plaintiff's claims for violation of California's Equal Pay Act and for wrongful termination were brought solely against Aldrich CPAs. Adjudication of those claims without the Aldrich entities would prejudice Aldrich CPAs. Plaintiff's claim for gender discrimination in violation of California law is brought against Aldrich CPAs and Does 1 through 20 and Plaintiff's claims for breach of contract, violation of Or. Rev. Stat. § 67.150 and unfair business practices were brought against all Defendants, including the Aldrich entities. Adjudication of these claims would likely prejudice the Aldrich

entities. The Court concludes the Aldrich entities are not indispensable parties and, therefore, the Court declines to dismiss them under Rule 21.

In summary, this Court lacks subject-matter jurisdiction, the Court lacks the authority to permit Plaintiff to file a third amended complaint to add a new federal claim, and the Court may not dismiss the Aldrich entities. The Court, therefore, denies Plaintiff's Motion for Leave to Amend and grants Defendants' Motion to Dismiss.

**CONCLUSION**

The Court DENIES Plaintiff's Motion for Leave to Amend Jurisdictional Allegations Per 28 U.S.C. § 1653, ECF 34; GRANTS Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(1), ECF 42; and dismisses this matter for lack of jurisdiction.

IT IS SO ORDERED.

DATED: July 25, 2025.

Marco Hernández
MARCO A. HERNÁNDEZ
United States Senior District Judge